B1040 (FORM 1040) (12/24)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Thomas Briola | **DEFENDANTS**<br>Phillip Michael Search |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John T. Asher, III<br>Spector Gadon Rosen Vinci, P.C.<br>One Logan Square, Suite 1800<br>130 N. 18th Street<br>Philadelphia, PA 19103 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff is bringing an adversary action under 11 U.S.C. Section 523(a)(2)(A) and 11 U.S.C. Section 523(a)(4), and is objecting to discharge under 11 U.S.C. Section 727(a).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ $80,000.00 plus interest and costs. |

**Other Relief Sought**
Objection to Discharge under 11 U.S.C. Section 727(a)

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Phillip Michael Search | BANKRUPTCY CASE NO.<br>25-14468 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>United States District Court for the Eastern District of Pennsylvania | DIVISION OFFICE | NAME OF JUDGE<br>Patricia M. Mayer | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>January 21, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John T. Asher, III, Esquire | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>PHILLIP MICHAEL SEARCH<br><br>Debtor | Case No. 25-14468<br>Chapter 7 |
| THOMAS BRIOLA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP MICHAEL SEARCH,<br><br>Defendant. | Adv. No. |

## COMPLAINT

Plaintiff Thomas Briola ("Plaintiff") by and through his attorneys, John T. Asher, III, Esquire and the law firm of Spector Gadon Rosen Vinci P.C., brings this adversary action against Defendant Phillip Michael Search ("Defendant Debtor") and in support thereof aver as follows:

### Nature of the Case

1. This is an adversary action to determine the dischargeability of a debt, and an objection to discharge.

### Parties

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania, residing in Philadelphia County, Pennsylvania.

3.    Defendant Debtor Phillip Michael Search is a citizen of the Commonwealth of Pennsylvania, residing in Philadelphia County, Pennsylvania.

**Factual Background**

4.    Plaintiff and Defendant Debtor began working together in December, 2021 to create canned craft alcoholic cocktails, which were originally called "Walktails."

5.    In December, 2021, Plaintiff began working with Defendant Debtor on creating canned craft alcoholic cocktails, which were originally called "Walktails."

6.    In January, 2022, Defendant Debtor approached Plaintiff about going into business with him to create, distribute and market the canned craft alcoholic cocktails they were developing together.

7.    Excited about the opportunity to partner with Defendant Debtor in the canned craft alcoholic beverages business, Plaintiff and Defendant Debtor proceeded to discuss and agree to pursue the creation of such a business.

8.    Defendant Debtor had prior experience in organizing and managing businesses so it was agreed that Defendant Debtor would be effectively the "senior" partner and would be responsible for organizing the business and managing it. Plaintiff would invest his money and continue to provide ideas for product creation, marketing, and intellectual property, such as names and logos.

9.    At a meeting on March 27th, 2022 Defendant Debtor and Plaintiff agreed to work towards getting a distiller's license to assist the business. The next day, March 28, 2022 Plaintiff created the name "Canary Cocktails" and sketched a rough draft of a logo.

10.    On March 29, 2022, Defendant Debtor formed Comprehensive Beverage Solutions and Canning Service, LLC ("CBS"), which was the entity that was to operate the

canned craft alcoholic cocktails business, and Defendant Debtor filed the organizational documents with the Commonwealth of Pennsylvania Secretary of State.

11. On May 3, 2022 Plaintiff invested $20,000.00 with Defendant Debtor in return for what Defendant Debtor promised would be a 25% stake in the canned craft alcoholic cocktail business, in which Plaintiff had been working with Defendant Search since December, 2021. In addition, Defendant Debtor promised that CBS would hire Plaintiff and pay him a salary of $68,000 per year.

12. On May 13, 2022, Plaintiff became formally employed by CBS at the promised salary of $68,000.00 per year.

13. Defendant Debtor told Plaintiff he had another partner in CBS but that he and his other partner would take no salary from CBS but only be paid through disbursements. Defendant Debtor further explained that a holding company would be set up to hold ownership of CBS, which would be the operating company, and that Plaintiff's investment would give him an ownership interest in that holding company. Plaintiff's investment of $20,000.00 would thus give him a 25% ownership of the holding company, what became 4theempire, LLC ("4thempire").

14. Between May 3, 2022 and June 7, 2022, Defendant Debtor was seeking additional investors to purchase a 40% share of the canned craft alcoholic cocktails business operated by CBS for $350,000.00. "Canary" was then the proposed name under which CBS would conduct the business.

15. Wanting to own a larger part of the business, Plaintiff then offered to increase his investment in the canned craft alcoholic cocktail business by $60,000.00, to which Defendant Debtor agreed. This boosted Plaintiff's total investment to $80,000.00.

16. Defendant Debtor then prepared an operating agreement for 4thempire, which the parties signed on June 4, 2022.

17. The Operating Agreement confirmed that "4theempire, LLC is holding company created to hold assets and company shares, and purchase and invest for a profit."

18. The Operating Agreement identified the respective contributions of Plaintiff and Defendant Debtor under Attachment A entitled "Initial Contributions of the Members." Defendant Debtor contributed 80 shares of CBS and 100 shares of Almond Street Coffee Company; Plaintiff contributed $80,000. In return, Defendant Debtor received 62.5% of the membership interest in the company and Plaintiff received 37.5%.

19. In accordance with their agreed upon division of authority, Defendant Debtor was responsible, *inter alia,* for forming the holding company, opening bank accounts in the names of Almond, CBS and 4thempire, and generally managing the companies' operations.

20. After executing the Operating Agreement, Defendant Debtor never filed the appropriate documents with the Pennsylvania Department of State to form 4thempire, and never formed the company.

21. Unbeknownst to Plaintiff, Defendant Debtor did, however, form Canary Spirits, LLC ("Canary") as a separate company in which Plaintiff had no ownership and filed the appropriate paperwork with the Commonwealth of Pennsylvania Department of State on June 7, 2022.

22. Defendant Debtor formed Canary to hold and exploit the business opportunity for market canned craft alcoholic cocktails outside of CBS, for his own benefit and to the detriment of Plaintiff. Only later, after Defendant Debtor had fired Plaintiff from CBS and continued to

exploit—without Plaintiff—the very same business opportunity in which Plaintiff invested $80,000.00 and went into business with Defendant Debtor, did Plaintiff learn the truth.

23. Through forming Canary, Defendant Debtor intentionally stole a valuable business opportunity of CBS thereby depriving Plaintiff of the benefits of his investment in that business opportunity that he contributed to.

24. In November, 2022 Defendant Debtor fired Plaintiff from CBS and advised him that CBS was shutting down. Defendant Debtor was the responsible person for paying Plaintiff his wages and when Defendant Debtor laid him off, he was owed wages that have never been paid.

35. Defendant Debtor also concealed from Plaintiff that he had taken CBS's canned craft alcoholic cocktails business and was operating it separately to circumvent Plaintiff.

36. Defendant Debtor's conduct in inducing Plaintiff to go into business with him and invest $80,000.00, only to close the business and lay off Plaintiff, while stealing the very business away from CBS on which Defendant Debtor induced Plaintiff to invest $80,000.00, using the very same name and logo created by Plaintiff, was intentional, nefarious and was little more than an attempt by Defendant Debtor to misappropriate Plaintiff's investment for his own use.

37. Plaintiff has since learned that some of his investment was used by Defendant Debtor to renovate his home.

38. Plaintiff has also learned that monies he invested in the business were seized by the Internal Revenue Service.

39. Plaintiff subsequently brought suit against Defendant Debtor, 4$^{th}$Empire, LLC, Complete Beverage Solutions and Canning Service, LLC, and Canary Spirits, LLC in the Court

of Common Pleas of Philadelphia County, Pennsylvania in the May Term, 2023, No. 01653 (the "Common Pleas Action"). See Common Pleas Action complaint, a true and correct copy of which is attached hereto as Exhibit "A."

40. In the Common Pleas Action complaint, Plaintiff set forth claims against Defendant Debtor, and others, for Breach of Fiduciary Duty (Count I), Theft of Corporate Opportunity (Count II), Fraud (Count III), Conspiracy (Count IV), Concert of Action (Count V), Shareholder Oppression and Appointment of a Custodian under 15 Pa. C. S. A. § 1767 (Count VI), Conversion (Count VII), Unjust Enrichment (Count VIII), Accounting (Count IX), Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. (Count X), and Replevin (Count XI). Id.

41. The Common Pleas Action is currently stayed during the pendency of Defendant Debtor's Bankruptcy.

42. In his Petition for Bankruptcy, Defendant Debtor has listed Plaintiff as a creditor, and is seeking discharge of the debt he owes to Plaintiff which is the subject of the Common Pleas Action, which is in excess of $80,000.00, plus interest, and costs.

### Venue and Jurisdiction

43. This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409. This Complaint constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) which this Court may hear and determine.

## COUNT I

### The Debt Owed by Defendant Debtor to Plaintiff is Nondischargeable under 11 U.S.C. § 523(a)(2)(A)

44. Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 43 above as though same were set forth more fully herein.

45. Defendant Debtor is indebted to Plaintiff for money that he obtained from Plaintiff by false pretenses, false representations, and actual fraud, and specifically as a result of one or more of the following actions:

    a. Inducing Plaintiff to invest $80,000.00 by representing that Plaintiff would be investing in a business that would be crafting, marketing, and distributing canned alcoholic beverages;

    b. Representing to Plaintiff that CBS was in the business of crafting, marketing and distributing canned alcoholic beverages, and that through investing in 4thempire Plaintiff would be involved in CBS' business;

    c. Representing to Plaintiff that CBS would be applying for a distiller's license through the Commonwealth of Pennsylvania, and that CBS would ultimately be in the business of distilling spirits for use in canned alcoholic beverages;

    d. Plaintiff relied upon the representations of Defendant Debtor Search and on the established business of CBS, and invested $80,000.00 into 4thempire, the holding company which Defendant Debtor agreed to form, buying 37.5 percent of the company;

7

  e. Defendant Debtor had no intention of creating canned alcoholic beverages through CBS, which was owned by 4thempire, but rather elected to craft, market and distribute canned alcoholic beverages through Canary, a separate and distinct company which was created days after 4thempire was founded, which upon information and belief is owned by Defendant Debtor;

  f. Defendant Debtor deliberately and intentionally defrauded Plaintiff, and Plaintiff sustained damages as a result in excess of $80,000.00; and,

  g. Defendant Debtor converted and retaining for his own use Plaintiff's $80,000.00 investment.

  46. The debt owed by Defendant Debtor to Plaintiff is in an amount in excess of $80,000.00, plus interest, fees and costs.

  47. Plaintiff reasonably relied upon the false pretenses, false representations and actual fraud committed by Defendant Debtor and advanced funds to Defendant Debtor.

  48. The debt owed by Defendant Debtor to Plaintiff is nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

  WHEREFORE, Plaintiff Thomas Briola requests this Court enter an order in his favor finding that the debt owed to him by Defendant Debtor Phillip Michael Search is nondischargeable, and for all further relief deemed fair and equitable.

## COUNT II

### The Debt Owed by Defendant Debtor to Plaintiff is Nondischargeable under 11 U.S.C. § 523(a)(4)

  49. Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 48 above as though same were set forth more fully herein.

50. As a majority member of 4thempire, the limited liability company formed by Plaintiff and Defendant Debtor which Defendant Debtor failed to file with the Commonwealth of Pennsylvania Department of State, Defendant Debtor owed Plaintiff a fiduciary duty.

51. Defendant Debtor breached his fiduciary duty to Plaintiff in that he:

   a. Failed to file the appropriate paperwork with the Commonwealth of Pennsylvania Department of State to from 4thempire;

   b. formed a competing company, Canary, in breach of his fiduciary duty to Plaintiff and their company, 4thEmpire;

   c. used Plaintiff's investment of $80,000.00 for personal purposes; and,

   d. failed to exercise the best care, skill and judgment in the management of 4thempire and CBS to the detriment of Plaintiff.

52. As a result of the breach of fiduciary duty by Defendant Debtor, Plaintiff has suffered damages which include but are not limited to his investment of $80,000.00, plus interest, fees and costs.

53. The debt owed by Defendant Debtor to Plaintiff is nondischargeable under Section 523(a)(4) of the Bankruptcy Code.

WHEREFORE, Plaintiff Thomas Briola requests this Court enter an order in his favor finding that the debt owed to him by Defendant Debtor Phillip Michael Search is nondischargeable, and for all further relief deemed fair and equitable.

### COUNT III

### Objection to Discharge Under 11 U.S.C. § 727(a)

54. Plaintiff repeats and realleges paragraphs 1 through 53 above as though same were more fully set forth herein at length.

55. Section 727 of the Bankruptcy Code, 11 U.S.C. § 727, permits this Court to deny a debtor's discharge.

56. The actions described in paragraphs 4 through 53 above constitute cause to deny Defendant Debtor a discharge under Section 727 of the Bankruptcy Code.

57. Defendant Debtor should be denied a discharge under Section 727(a)(3) of the Bankruptcy Code for knowingly and fraudulently receiving money from Plaintiff under the false pretense of forming a business, i.e. 4thempire; not filing the appropriate paperwork with the Commonwealth of Pennsylvania Department of State to form the business 4thempire; forming a competing business; and, appropriating and converting the monies invested by Plaintiff in the amount of $80,000.00 for his own use.

58. Defendant Debtor should be denied a discharge under Section 727(a)(5) of the Bankruptcy Code for his failure and inability to explain satisfactorily the loss of assets and the deficiency of those assets to meet his liabilities.

WHEREFORE, Plaintiff Thomas Briola requests the entry of an Order denying Defendant Debtor Phillip Michael Search a discharge, and for all further relief deemed fair and equitable by this Court.

SPECTOR GADON ROSEN VINCI P.C.

*/s/ John T. Asher, III*

JOHN T. ASHER, III
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA 19103

**Attorney for plaintiff
Thomas Briola**